IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| Securities and Exchange Commission,<br><br>                 Plaintiff,<br><br>    - against –<br><br>Paul W. Haarman, Patrick E. Duke, and APEG Energy GP, LLC,<br><br>                 Defendants. | Case No.: 1:21-cv-0235-LY<br><br>**ANSWER AND<br>AFFIRMATIVE DEFENSES** |

## DEFENDANTS' ANSWER

Defendants Paul W. Haarman ("Haarman"), Patrick E. Duke ("Duke"), and APEG Energy, GP, LLC ("APEG") (collectively "Defendants") by and through their counsel, hereby answers Plaintiff's Complaint, and set forth their affirmative defenses as follows: Except as otherwise affirmatively stated below, Defendants deny all allegations in the Complaint. To the extent any headings or subheadings may be read to include allegations, each such allegation contained in the heading or subheading is denied in its entirety.

### I. SUMMARY

1. To the extent the allegations in paragraph 1 state a legal conclusion or otherwise purport to summarize the actions and intent of Defendants no responsive pleading is required. To the extent a responsive pleading is required, Defendants deny the allegations contained in paragraph 1 except Defendants admit that APEG raised $17.4 million from 115 investors through the sale of limited parentships in APEG Energy, LP (the "Fund"). Defendants admit the Fund invested in oil and gas assets.

1

2. To the extent the allegations in paragraph 2 state a legal conclusion or otherwise purport to summarize the actions and intent of the Defendants no responsive pleading is required. To the extent a responsive pleading is required, Defendants deny the allegations in paragraph 2 except that Defendants admit Duke was employed by the Texas Railroad Commission and had a college job with an oil-and-gas company. Defendants further aver the Fund's PPM and partnership agreement speak for themselves.

3. To the extent the allegations in paragraph 3 state a legal conclusion or otherwise purport to summarize the actions and intent of the Defendants no responsive pleading is required. To the extent a responsive pleading is required, Defendants deny the allegations in paragraph 3.

4. To the extent the allegations in paragraph 4 state a legal conclusion or otherwise purport to summarize the actions and intent of the Defendants no responsive pleading is required. To the extent a responsive pleading is required, Defendants deny the allegations in paragraph 4 in their entirety.

5. To the extent the allegations in paragraph 5 state a legal conclusion or otherwise purport to summarize the actions and intent of the Defendants no responsive pleading is required. To the extent a responsive pleading is required, Defendants deny the allegations in paragraph 5 in their entirety.

## II. JURISDICTION AND VENUE

6. To the extent the allegations in paragraph 6 state a legal conclusion no responsive pleading is required. Defendants admit the Court has jurisdiction.

7. To the extent the allegations in paragraph 7 state a legal conclusion no responsive pleading is required. Defendants otherwise deny the allegations in paragraph 7 and aver that Defendants did not serve as investment advisers as that term is defined in the Advisers Act.

8. Defendants deny any characterizations of the transactions, acts, practices, and courses of business described in the complaint implied in paragraph 8, but otherwise admit that Defendants directly and/or indirectly made use of the mails and/or of the means and instrumentalities of interstate commerce.

9. Defendants deny any characterizations of the transactions, acts, practices, and courses of business described in the complaint implied in paragraph 9, but otherwise admit that venue is proper and that Haarman and Duke reside in Hays County and Travis County, respectively.

### III.   DEFENDANTS

10. Defendants admit the allegations in paragraph 10.

11. Defendants admit the allegations in paragraph 11.

12. Defendants admit the allegations in paragraph 12.

### IV.   RELATED ENTITIES

13. Defendants admit the allegations in paragraph 13.

14. Defendants admit the allegations in paragraph 14.

15. Defendants admit the allegations in paragraph 15.

### V.   STATEMENT OF FACTS

16. Defendants admit the allegations in paragraph 16 except to the extent the allegations in paragraph 16 purport to summarize the terms of the Fund's PPM, Defendants deny the allegations and aver that the Fund PPM speaks for itself.

17. Defendants deny and object to the diagram to the extent it purports to summarize the Fund's ownership structure. Defendants otherwise admit the allegations in paragraph 17.

18. Defendants admit the allegations in paragraph 18.

19. Defendants admit the allegations in paragraph 19 except Defendants deny that Shift Evolution subscribers made up 100% of the Fund's investors.

20. Defendants admit that Duke had oil-and-gas experience and identified and took the lead on identifying and vetting oil and gas assets for the Fund to purchase, but Defendants otherwise deny all other allegations or characterizations in paragraph 20.

21. Defendants admit the allegations in paragraph 21 except to the extent the allegations in paragraph 21 purport to summarize the terms of the Fund's PPM, Defendants deny the allegations and aver that the Fund PPM speaks for itself.

22. To the extent the allegations in paragraph 22 purport to summarize the terms of the Fund's PPM, Defendants deny such allegations and aver that the Fund's Partnership speaks for itself. Defendants otherwise admit the allegations in paragraph 22.

23. Defendants deny the allegations in paragraph 23 except that Defendants admit the Partnership Agreement provides a management fee, the Fund paid APEG management fees totaling $120,810 in 2016 and $603,750 in 2017, and further aver the Partnership Agreement speaks for itself.

24. Defendants admit the allegations in paragraph 24.

25. Defendants deny the allegations in paragraph 25 in their entirety.

26. To the extent the allegations in paragraph 26 state a legal conclusion or otherwise purport to summarize the actions and intent of the Defendants no responsive pleading is required. To the extent a responsive pleading is required, Defendants deny all allegations in paragraph 26 and object to the SEC's edits of those emails. Defendants otherwise admit that Haarman emailed investors about the Fund in December 2015 and those emails speak for themselves.

27. Defendants deny the allegations in paragraph 27 except that Defendants admit the Partnership Agreement provides a section on Haarman and Duke's background and experience. Defendants aver the Partnership Agreement speaks for itself.

28. To the extent the allegations in paragraph 28 state a legal conclusion or otherwise purport to summarize the actions and intent of the Defendants no responsive pleading is required. To the extent a responsive pleading is required, Defendants deny the allegations in paragraph 28 except Defendants admit Duke Capital Management was formed in September 2013 and that Duke worked for the Texas Railroad Commission from June 1980 to October 1982.

29. To the extent the allegations in paragraph 29 state a legal conclusion or otherwise purport to summarize the actions and intent of the Defendants no responsive pleading is required. To the extent a responsive pleading is required, Defendants deny the allegations in paragraph 29 and aver that Duke's sworn testimony speaks for itself.

30. To the extent the allegations in paragraph 30 state a legal conclusion or otherwise purport to summarize the actions and intent of the Defendants no responsive pleading is required. To the extent a responsive pleading is required, Defendants deny the allegation in paragraph 30.

31. As to the allegations in paragraph 31, Defendants admit the Fund acquired oil-and-gas assets from four unaffiliated companies, A–D, and that during 2016 the Fund paid $2,363,550 in customary brokerage and professional fees to related parties. Defendants deny all remaining allegations in paragraph 31 and the mischaracterization of fee payments and disclosures.

32. To the extent the allegations in paragraph 32 state a legal conclusion or otherwise purport to summarize the actions and intent of the Defendants no responsive pleading is required. To the extent a responsive pleading is required, Defendants deny the allegations in paragraph 32

except Defendants admit that "Haarman and Duke initially sought to raise $12 million for the Fund" and further aver the PPM and signed agreements speak for themselves.

33. Defendants deny the allegations in paragraph 33, except Defendants admit that on January 14, 2016, 731,875 was transferred to Duke, $731, 675 to Haarman, and $200,000 to their company, Angelus.

34. Defendants deny the allegations in paragraph 34 and admit only that Haarman, Duke, and/or related parties received $1,663,550 in fees and bonuses related to the acquisition of Company A oil and gas assets.

35. To the extent the allegations in paragraph 35 state a legal conclusion or otherwise purport to summarize the actions and intent of the Defendants no responsive pleading is required. To the extent a responsive pleading is required, Defendants deny the allegations in paragraph 35 except admit that in August 2016, Haarman and Duke posted an investor update on Angelus' website and further aver that document speaks for itself.

36. To the extent the allegations in paragraph 36 state a legal conclusion or otherwise purport to summarize the actions and intent of the Defendants no responsive pleading is required. To the extent a responsive pleading is required, Defendants deny the allegations in paragraph 36, and the mischaracterizations of the Fund's purchases, except Defendants admit that the Fund acquired oil and gas assets from Company B in June 2016 and August 2016, that the Fund paid $1,468,519.12 for the assets acquired in June 2016, and that the Fund paid $100,000 to each Haarman, Duke, and/or related parties related to the acquisition of these assets. Defendants aver the Purchase and Sale Agreement for the June 2016 Purchase a speaks for itself.

37. To the extent the allegations in paragraph 37 state a legal conclusion or otherwise purport to summarize the actions and intent of the Defendants, no responsive pleading is

required. To the extent a responsive pleading is required, Defendants deny the allegations in paragraph 37 except Defendants admit that the Fund paid Company B $688,890.02 for certain oil and gas assets in August 2016 and that Company B paid $50,000 each to Haarman and Duke, and/or related parties, related to the acquisition of these assets. Defendants aver the Purchase and Sale Agreement for the August 2016 purchase and the Company B Consulting Agreement speak for themselves.

38. To the extent the allegations in paragraph 38 state a legal conclusion or otherwise purport to summarize the actions and intent of the Defendants no responsive pleading is required. To the extent a responsive pleading is required, Defendants deny the allegations in paragraph 38 except Defendants admit that Haarman and Duke initiated an arbitration against Company B based on Company B's unpaid revenue distributions and that the arbitration dispute was settled for $90,000.

39. As to the allegations in paragraph 39, Defendants admit that Haarman and Duke signed an agreement on June 27, 2016 to purchase oil-and-gas assets from Company C for $610,000 and that on July 15, 2016 Haarman and Duke entered into a Consulting Agreement with Company C. Defendants deny all remaining allegations in paragraph 39, and aver that the Purchase Agreement and Consulting Agreements speak for themselves.

40. As to the allegations in paragraph 40, Defendants admit that Haarman and Duke signed an agreement dated June 30, 2016 to purchase assets from Company D for $15,000,000. Defendants deny all remaining allegations in paragraph 40, and aver that the Purchase Agreement speaks for itself.

41. To the extent the allegations in paragraph 41 state a legal conclusion or otherwise purport to summarize the actions and intent of the Defendants no responsive pleading is required.

To the extent a responsive pleading is required, Defendants deny the allegations in paragraph 42 and aver that the bank loan agreement speaks for itself.

42. As to the allegations in paragraph 42, Defendants admit that in November 2016 Haarman and Duke posted the investor update on the Angelus website, Defendants aver the statement speaks for itself, and otherwise deny any characterizations of or allegations related to the investor update contained in paragraph 42.

43. To the extent the allegations in paragraph 43 state a legal conclusion or otherwise purport to summarize the actions and intent of the Defendants, no responsive pleading is required. To the extent a responsive pleading is required, Defendants deny the allegations in paragraph 43, and aver the bank loan documents for themselves.

44. To the extent the allegations in paragraph 44 state a legal conclusion or otherwise purport to summarize the actions and intent of the Defendants no responsive pleading is required. To the extent a responsive pleading is required, Defendants deny the allegations in paragraph 44, except Defendants admit that in the fourth quarter of 2018, Haarman and Duke posted on the Angelus website the Fund's audited financial statements for 2016 and 2017 and the audits were conducted by an independent CPA firm. Defendants further aver the audited financial statements speak for themselves.

45. To the extent the allegations in paragraph 45 state a legal conclusion or otherwise purport to summarize the actions and intent of the Defendants no responsive pleading is required. To the extent a responsive pleading is required, Defendants deny the allegations in paragraph 45.

46. To the extent the allegations in paragraph 46 mischaracterizes the nature of the advisory services and management fees, Defendants deny the allegations in paragraph 46 except

Defendants admit APEG received $724,560 in management fees and were compensated for their advisory services.

      47.      To the extent the allegations in paragraph 47 state a legal conclusion or otherwise purport to summarize the actions and intent of the Defendants no responsive pleading is required. To the extent a responsive pleading is required, Defendants deny the allegations in paragraph 47.

      48.      Defendants deny the allegations in paragraph 48.

      49.      Defendants deny the allegations in paragraph 49.

      50.      Defendants deny the allegations in paragraph 50.

      51.      Defendants deny the allegations in paragraph 51.

      52.      Defendants deny the allegations in paragraph 52.

      53.      Defendants deny the allegations in paragraph 53.

      54.      Defendants deny the allegations in paragraph 54.

      55.      Defendants deny the allegations in paragraph 55.

      56.      Defendants deny the allegations in paragraph 56.

      57.      Defendants deny the allegations in paragraph 57.

      58.      Defendants deny the allegations in paragraph 58.

      59.      Defendants deny the allegations in paragraph 59.

      60.      Defendants deny the allegations in paragraph 60.

## **AFFIRMATIVE DEFENSES**

Defendants deny any and all allegations contained in the Complaint not specifically admitted herein, including allegations in any headings, claims, prayers for relief, or wherefore clauses.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred from recovery by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

The claims are barred, in whole or in part, by the equitable principles of laches, waiver, and/or estoppel.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Defendants acted in good faith and with good cause at all times.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Defendants relied in good faith upon the judgment, advice, and counsel of professionals.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's recovery is barred by the uncontroverted documentary evidence.

### AS TO ADDITIONAL AFFIRMATIVE DEFENSES

Defendants reserve the right to assert additional defenses as they become evident through discovery or investigation.

### JURY TRIAL

Defendants hereby request a trial by jury on all claims asserted against them in the Complaint.

### PRAYER FOR RELIEF

**WHEREFORE**, Defendants respectfully request a judgment:

1) Dismissing each of Plaintiff's claims with prejudice;

2) Awarding Defendants the costs of this action, including attorney's fees, court costs and collection expenses; and

3) Awarding Defendants such further relief as the court deems just and proper.

Dated: April 4, 2022

          FORD O'BRIEN LLP

          _/s/ Matthew A. Ford_

          Matthew A. Ford, Esq.
          Texas Bar No. 24119390
          Ford O'Brien Landy LLP
          3700 Ranch Road 620 South
          Austin, Texas 78738

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused the foregoing Answer for Defendants executed on April 4, 2022, to be served on Plaintiff by filing via PACER, with notice to Plaintiff's counsel this 4th day of April 2022.

          /s/ Matthew A. Ford

          Matthew A. Ford, Esq.