IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § |
| Plaintiff, | § § |
| vs. | § § Civil Action No.: 1:21-cv-235-DAE |
| PAUL W. HAARMAN, PATRICK E. DUKE, and APEG ENERGY GP, LLC, | § § § |
| Defendants. | § § § |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR CLARIFICATION, OR, IN THE ALTERNATIVE, RECONSIDERATION OF ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S PARTIAL MOTION FOR SUMMARY JUDGMENT**

Plaintiff Securities and Exchange Commission ("Plaintiff" or "Commission") files this reply in support of its Motion for Clarification, or, in the Alternative, Reconsideration of Order Granting in Part and Denying in Part Plaintiff's Partial Motion for Summary Judgment [Dkt. No. 83] (the "Motion") and respectfully shows the Court as follows:

**A.    Summary**

The Commission's Motion is not seeking to inject new evidence, to rehash legal theories, or to argue there is an intervening change in the controlling law. The purpose of the Motion is simply to facilitate the Commission's determination of whether it intends to proceed to trial on certain claims as directed by the Court in the Order Granting in Part and Denying in Part Plaintiff's Partial Motion for Summary Judgment (the "MSJ Order"). *See* Dkt. No. 82 at 30. The MSJ Order rules that the Commission prevailed *on the elements* of its claims as to certain misrepresentations under Section 10(b) and Rule 10b-5(b) of the Securities Exchange Act of 1934 ("Exchange Act")—a conclusion that Defendant Paul W. Haarman ("Haarman") appears to

1

concede. *Id.* at 14, 17, 19, 20; Memorandum of Law in Opposition, *et seq.* [Dkt. No. 87] (the "Response") at n. 2. Similarly, the Court ruled that the Commission prevailed, in part, on its claims under Section 17(a)(2) of the Securities Act of 1933 (the "Securities Act"). MSJ Order at 20. The Commission believes that this decision should apply to all defendants including Haarman as to the discreet claim based on misrepresentations and omissions about their payment of fees to themselves. But the Commission does not presume to claim victory on these claims if the Court intended otherwise.

In his Response,[1] Haarman mistakenly challenges the Motion under Rule 59(e) and 60(b) of the Federal Rules of Civil Procedure (the "Rules") and the Law of the Case doctrine; none of which apply in the present procedural posture. *See* Response at 1. <u>Rules 59(e) and 60(b) only apply to final judgments.</u> The Law of the Case Doctrine does not preclude courts from revisiting prior interlocutory decisions. The Commission seeks clarification (or, in the alternative, reconsideration in part) of an order on a <u>partial motion for summary judgment</u>—not a final judgment.

B.  **Haarman Concurs, in Part, With the Commission's Requested Relief.**

Haarman's Response illustrates the exact purpose, basis, and validity for the Motion. Haarman—through his counsel of record that also represents Defendant APEG Energy GP, LLC ("APEG") (*see, e.g.*, Dkt. No. 77 at cover page and 22)—apparently concurs with the Commission's interpretation of the MSJ Order; that is, the Court found Defendant Patrick E. Duke ("Duke") and APEG liable for violating Exchange Act Section 10(b) and Rule 10b-5(b) thereunder. Dkt. No. 87 at n. 2 ("For Defendant Duke (and for Defendant APEG), the Court

---

[1] Duke and APEG failed to submit a response to the Motion, which was filed on April 8, 2025. *See* Local Rule CV-7(D)(2).

granted summary judgment on all three counts.")[2]  However, based on the Commission's careful reading of the MSJ Order, the Court does not explicitly state that the Commission prevailed on the Exchange Act Section 10(b) claim, even though the MSJ Order finds that the Commission prevailed on each of the required elements for that claim based on the misrepresentations and omissions about Duke's professional background.  *Id.* at 12-20.  Thus, the Commission respectfully requests that the Motion be granted and that the Court confirm that the Commission prevailed on its claims that Duke and APEG violated Exchange Act Section 10(b) and Rule 10b-5(b) thereunder—as Haarman appears to acknowledge.

**C.    Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure and the Law of the Case Doctrine Do Not Apply to the Motion**

The entirety of Haarman's Response argues that the Court's consideration of the Motion is constrained by Rules 59(e) or 60(b) of the Federal Rules of Civil Procedure (the "Rules") and the Law of the Case doctrine, and that the Commission has failed to meet the standards under those Rules and principle.  These are of no moment to the Commission's requested clarification (or, in the alternative, reconsideration in part) of the MSJ Order.  The MSJ Order grants, in part, the Commission's motion for <u>partial summary judgment</u>.  Rules 59 and 60 apply only to final judgments.  *See Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) ("[T]he district court nevertheless abused its discretion when it denied [plaintiff's] motion for reconsideration under Rule 59(e) instead of the more flexible Rule 54(b)."); *Lightfoot v. Hartford Fire Ins. Co.*, No. 07–4833. 2012 WL 711842, at *2 (E.D. La. Mar. 5, 2012) ("Rules 59 and 60 [. . .] apply only to final judgments.  An order on a motion for partial summary judgment is interlocutory and

---

[2] To its detriment, the Commission disagrees with Haarman's representation that the Commission prevailed "on all three counts" against Duke and APEG because the Court explicitly found fact issues precluding partial summary judgment on Securities Act Sections 17(a)(1) and (3) and Exchange Act Section 10(b) and Rules 10b-5(a) and (c).  *See* MSJ Order at 22.

the trial court has discretion to reconsider or reverse its decision."). Similarly, the Law of the Case Doctrine is irrelevant. In the Fifth Circuit, "[a] trial court [is] free to reconsider and reverse [interlocutory orders] for any reason it deems sufficient, even in the absence of new evidence or an intervening change or in clarification of the new law." *Stoffels ex rel. SBC Telephone Concession Plan v. SBC Communications, Inc.*, 677 F.3d 720, 727-78 (5th Cir. 2012) (quoting *Zarnow v. City of Wichita Falls, Tex.*, 614 F.3d 161, 171 (5th Cir. 2010)) (modifications in the original).

In contrast, courts reconsider orders on partial summary judgment pursuant to Rule 54(b). *See, e.g., Vladmir Ltd. v. Pacific Parts Supply Co., Inc.*, No. No. SA–08–CV–819–XR, 2009 WL 4110288, at *4 (W.D. Tex. Nov. 20, 2009) (granting, in part, motion for reconsideration of partial motion for summary judgment order pursuant to Rule 54(b)). "Although the precise standard for evaluating a motion to reconsider under Rule 54(b) is unclear, whether to grant such a motion rests within the discretion of the [C]ourt." *Tormos v. Costco Wholesale Corp.*, No. 1:19–CV–505–DAE, 2022 WL 22887775, at *2 (W.D. Tex. July 20, 2022) (quoting *Bernard v. Grefer*, Case No. 14-887, 2015 WL 3485761, at *5 (E.D. La. June 2, 2015)). "The [C]ourt must balance two competing interests in ruling on a motion to reconsider: (1) the need to bring litigation to an end; and (2) the need to render just decisions on the basis of all the facts." *Id.* (quoting *McKay v. Novartis Pharmaceutical Corp.*, 751 F.3d 694, 701 (5th Cir. 2014)).

The Commission again emphasizes that it seeks clarification (or reconsideration in part *if necessary*) on the discrete issues of whether the Court found Haarman, Duke, and APEG (collectively, "Defendants") liable for violating Section 17(a)(2) of the Securities Act with specific regard to their misrepresentations and omissions about their payment of fees to themselves. The MSJ Order already provides that the Commission prevailed on "at least one of

4

its misrepresentation/omission antifraud claims, under Section 17(a)(2)." *See* MSJ Order at 20. The MSJ Order further rules that the Defendants (1) made material misrepresentations regarding the payment of fees [*id.* at 13-14, 16], (2) in connection with the purchase, offer, or sale of a security [*id.* at 19, 20], (3) using interstate commerce [*id.* at 20]. Yet, the MSJ Order does not directly address the requisite element of negligence with regard to the Defendants' misrepresentations and omissions about their payment of fees to themselves. The Commission is asking the Court, in its discretion, to resolve this discrete issue to facilitate the conclusion of the litigation on the basis of the facts presented to the Court in the summary judgment briefing, and to clarify whether the Commission has prevailed on a claim under Securities Act Section 17(a)(2) against each of the Defendants.

## CONCLUSION

WHEREFORE, the Commission respectfully re-urges the Motion and requests that the Court (i) clarify, or in the alternative reconsider, the MSJ Order as discussed above and in the Motion, and (ii) grant the Commission such other relief to which it may be entitled.

Dated: May 8, 2025                        Respectfully submitted,

*/s/ Jason P. Reinsch*
JASON P. REINSCH
Texas Bar No. 24040120
TYSON M. LIES
Texas Bar No. 24087927
United States Securities and Exchange Commission
Fort Worth Regional Office
801 Cherry Street, Suite 1900
Fort Worth, Texas 76102
Ph: 817-900-2601 (Reinsch)
reinschj@sec.gov
Ph: 817-682-217-3580 (Lies)
Fax: 817-978-4927
liest@sec.gov

ATTORNEY FOR PLAINTIFF SECURITIES AND EXCHANGE COMMISSION

## CERTIFICATE OF SERVICE

I hereby certify that on May 8, 2025, I electronically filed the foregoing via the Court's CM/ECF filing system, which will send a notice of electronic filing to all CM/ECF participants. I further certify that I served a true and correct copy of the foregoing document and the notice of electronic filing via electronic mail on all non-CM/ECF parties and/or their counsel as detailed below:

| *Via email to patrick@dynevolve.com and pduke@apegtx.com*<br><br>Patrick Duke, *Pro Se* | *Via email to mford@fordobrien.com*<br><br>Matthew Ford<br>Counsel for Defendants Paul W. Haarman and APEG Energy GP, LP |
|---|---|

                                         */s/ Jason P. Reinsch*
                                         Jason P. Reinsch