

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| Securities and Exchange Commission. | § § | |
| *Plaintiff*, | § § | |
| v. | § § | No. 1:21-cv-235-DAE |
| | § | |
| Paul W. Haarman, Patrick E. Duke, and APEG Energy GP, LLC, | § § § | |
| | § | |
| *Defendant*. | § § § | |

## ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR CLARIFICATION OR RECONSIDERATION

Before the Court is Plaintiff Securities and Exchange Commission's, ("Plaintiff" or "SEC") Motion for Clarification or, in the Alternative, Reconsideration of the Order Granting in Part and Denying in Part Plaintiff's Partial Motion for Summary Judgment, filed on April 8, 2024.  (Dkt. # 83). Defendant Paul W. Haarman timely filed a response to the SEC's Motion (Dkt. # 87) and the SEC timely replied (Dkt. # 88).

The Court finds this matter suitable for disposition without a hearing. After careful consideration of the parties' briefs and the relevant law, the Court **GRANTS IN PART AND DENIES IN PART** the SEC's Motion for Clarification or Reconsideration.  (Dkt. # 83.)

1

<u>BACKGROUND</u>

The full factual background relating to this case is laid out in the Court's most recent order.  (<u>See</u> Dkt. # 82.)  As relevant to this Motion, on March 7, 2025, the Court issued an Order granting in part and denying in part the SEC's Partial Motion for Summary Judgment, finding liability on certain of the SEC's claims under the Securities Act of 1933, the Securities Exchange Act of 1934, and the Investment Advisers Act of 1940.  (Dkt. #82.)  Specifically, the Court found that the SEC had established the existence of material misrepresentations relating to (1) statements and omissions about Defendant Patrick Duke's professional background and (2) statements and omissions about fees Defendants paid themselves from the APEG Energy, LP (the "Fund").  The Court further found that the SEC had met its burden on the requisite mental state for some—but not all—of these claims.

The SEC now seeks clarification as to whether the Court's Order granted summary judgment on two specific claims: (1) the Exchange Act Section 10(b) / Rule 10b-5(b) claim against Defendants Duke and APEG relating to Duke's misrepresentations about his professional background; and (2) the Securities Act Section 17(a)(2) claim based on fee-related misrepresentations and omissions.  In the alternative, the SEC moves for reconsideration, ostensibly under Federal Rule of Civil Procedure 54(b).  (<u>See</u> Dkts. ## 83, 88.)

<u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 54 provides, in relevant part: "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b).

Thus, under Rule 54(b), a court has discretion to revise an interlocutory order at any time prior to entry of final judgment. <u>Matagorda Ventures, Inc. v. Travelers Lloyds Ins. Co.</u>, 208 F.Supp.2d 687, 688 (S.D. Tex. 2001). Because a partial summary judgment is interlocutory in nature, the court has discretion to revise such a judgment. <u>Calpetco 1981 v. Marshall Exploration, Inc.</u>, 989 F.2d 1408, 1414 (5th Cir. 1993).

A court's discretion to revisit earlier rulings in the same case is limited, however, such that rulings usually may not be changed unless there is "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice." <u>See</u> <u>Official Committee of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP</u>, 322 F.3d 147, 167 (2nd Cir. 2003); <u>see</u> <u>also</u> <u>Jones v. Wike</u>, 654 F.2d 1129, 1130 (5th Cir. 1981) (reconsideration of prior summary judgment ruling based on new evidence);

Publishers Resource Inc. v. Walker–Davis Publications, Inc., 762 F.2d 557, 561

(7th Cir. 1985) ("motions for reconsideration serve a limited function: to correct

manifest errors of law or fact or to present newly discovered evidence").  However,

motions to reconsider may not be used to present arguments that have already been

rejected by the Court.  See Nationalist Movement v. Town of Jena, 321 F.App'x

359, 364 (5th Cir. 2009).

DISCUSSION

I.    Exchange Act Claim

The Court's Order found that the SEC satisfied each element for its

claim under Exchange Act Section 10(b) and Rule 10b-5(b), as it pertained to the

misrepresentations and omissions about Duke's professional background.  (See

Dkt. # 82 at 11–12.)  However, in its Motion, the SEC asserts that the Court failed

to "explicitly state that the Commission prevailed on a claim under Section 10(b)

of the Exchange Act and Rule 10b-5(b) thereunder."  (Dkt. # 83 at 6.)

Accordingly, for the avoidance of doubt, the Court clarifies that it

intended to, and did, grant summary judgment in favor of the SEC on its Exchange

Act Section 10(b) and Rule 10b-5(b) claim against Defendants Duke and APEG

based on misrepresentations regarding Duke's background.  Thus, the Court

**GRANTS** the Motion for Clarification, as it pertains to this claim.

II.    <u>Securities Act Claim</u>

The SEC also seeks clarification, or in the alternative, reconsideration, as it relates to its Section 17(a)(2) claim pertaining to misrepresentations and omissions by Defendants regarding fee payments they made to themselves from the Fund.  The SEC asserts that the Order did not directly address the requisite mental state of negligence for this claim.  (Dkt. # 83 at 3.)

First, to clarify, the Court, in its analysis, concluded that a genuine dispute of material fact existed as to the mental state with which Defendants acted when they failed to disclose the relevant fees to investors.  (Dkt. # 82 at 17.)  This conclusion was supported, in part, by the Court's finding that "the SEC has provided no evidence that at the time Haarman made [the statement that investors were guaranteed a 25% return before Defendants paid themselves] that Defendants intended to pay themselves prior to investors receiving a 25% return." (<u>Id.</u> at 17–18.)  Thus, the Court **GRANTS** the Motion for Clarification, as it pertains to this claim.  Summary judgment was not granted as it pertains to the issue of Defendants' mental state for this claim.

However, because the SEC has not presented any newly discovered evidence, intervening change in law, or manifest error of fact, and instead reiterates arguments previously made in its summary judgment briefing, the Court declines to revisit its prior ruling on this issue.  <u>See</u> <u>Coopers & Lybrand,</u> 322 F.3d at 167.

5

The SEC has not shown that the Court committed clear error in finding that the issue of Defendants' mental state, specifically, whether they acted with negligence, presents a triable question of fact.  Instead, it appears the SEC merely disagrees with the Court's conclusion.[1]  Accordingly, the SEC's Motion for Reconsideration on this issue is **DENIED.**

<u>CONCLUSION</u>

For the reasons stated above, the SEC's Motion for Clarification, or in the Alternative, Reconsideration is **GRANTED IN PART AND DENIED IN PART.**  (Dkt. # 83.)

**IT IS ORDERED** that within 60 days of the date of this Order, the SEC is to advise the Court whether it intends to proceed to trial on all or some of the claims for which the Court has not found liability.

**IT IS SO ORDERED.**

**SIGNED:** Austin, Texas June  9, 2025.

---

[1] The SEC contends in its Motion for Clarification or Reconsideration that because "Defendants' misrepresentations about the payment of fees is the only category of Section 17(a)(2) claims for which the Court found that the Commission established all the other elements against Haarman as a matter of law, a finding of negligence would be necessary to support liability against Haarman under Section 17(a)(2) at summary judgment." (Dkt. # 83 at 3.)  While this statement is accurate, the SEC overlooks that the Court found *Duke and APEG* liable under Section 17 for the misrepresentations and omissions related to Duke's professional background.  This is the finding that supported the Court's conclusion that summary judgment was granted as to the issue of liability under Section 17.  (<u>See</u> Dkt. # 82 at 20.)

David Alan Ezra
Senior United States District Judge